*See 427*

## REED *v.* MURPHY *et al.*

Where a person contracted to receive a share of the profits in a business as a compensation for services and rent of a building, with no other privilege and none of the responsibilities of a partner, it was held that he was not a partner.

### *Error to Jones District Court.*

*Opinion by* GREENE, J. Assumpsit by the firm of Murphy & Burk against Calvin C. Reed. Verdict and judgment for the plaintiffs. There is but one point urged in error which we deem worthy of consideration. On the trial Henry Mahan was admitted as a witness in behalf of the plaintiff. But it was claimed that he was interested as a partner with Murphy & Burk and therefore incompetent. In support of that position, a contract was adduced in which Mahan agreed to rent his house with the store fixtures, to Murphy & Burk for one year in consideration of their paying him one dollar, and occupying the building for a store and giving him one fourth of the profits if any remained after deducting all the expenses of the establishment. And he also agreed to devote all his time and attention to the business of the plaintiffs. It appeared that Murphy & Burk purchased the goods and furnished the store on their own account; that it was understood between them that Mahan was employed as agent to be paid for his services out of a portion of the profits. The court charged the jury that this contract did not constitute a partnership between the plaintiffs and the witness.

We think, the court correctly instructed the jury that such a contract does not create a partnership. Mahan's connection with the business was not that of a partner; he had no specific interest or control in the business such as a partner ordinarily enjoys; no share of the profits as profits; but merely in the event that profits accrued he should receive a certain portion of them as compensation

for services rendered as agent or clerk and not as partner. This question was examined in *Price & Co.* v. *Alexander & Co.* (a) and under the views expressed in that case it is obvious that a person in business may employ another as agent or otherwise and agree to pay him a share of pro_ fits if any shall arise, as a compensation for his services without giving such person the rights or subjecting him to the liabilities of a partner. In *Burckle* v. *Eckart*, 1 Denio 337, a mercantile firm employed a third person to purchase and forward produce under orders of the firm; and have as a compensation for his services one fourth of the profits arising out of the purchase and sale of produce; and it was held that the person thus employed was not a partner in that business even in respect to third parties. The authorities show many exceptions to the general rule that a communion of profits will make men partners and liable for losses; and we think no exception is better reconciled to the cases or more distinctly marked than the present.

Judgment affirmed.

*John P. Cook*, for plaintiff in error.

*Wilson* and *Smith*, for defendants.